FILED
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN
MAR 1 3 2026
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | NO. 3:26-00042 |
| v. | ) | |
| | ) | 21 U.S.C. § 841(a)(1) |
| | ) | 21 U.S.C. § 841(b)(1)(E)(i) |
| DARREN O. LOLI | ) | 21 U.S.C. § 846 |

# INFORMATION

## COUNT ONE

THE UNITED STATES ATTORNEY CHARGES:

From in or around 2017 until on or around November 13, 2024, in the Middle District of Tennessee and elsewhere, the defendant, **DARREN O. LOLI**, did unlawfully, knowingly, and intentionally combine, conspire and agree with other persons known and unknown to the United States Attorney, to distribute and possess with the intent to distribute anabolic steroids, as defined in Title 21, United States Code, Section 802(41)(C)(i), namely drugs and hormonal substances including testosterone, stanozolol, and nandrolone, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 846.

## FORFEITURE ALLEGATIONS

THE UNITED STATES ATTORNEY FURTHER CHARGES:

The allegations contained in Count One of this Information are re-alleged and incorporated by reference as if fully set forth in support of these forfeiture allegations.

1. Upon conviction of Count One, the defendant, **DARREN O. LOLI**, shall forfeit to the United States pursuant to Title 21, United States Code, Section 853, any property constituting

or derived from any proceeds obtained directly or indirectly as the result of said offenses, and any property used or intended to be used in any manner or part to commit or to facilitate the commission of said offenses.

2. The property to be forfeited upon conviction of Count One includes a money judgement in an amount to be determined, representing the amount of proceeds **DARREN O. LOLI** obtained, directly or indirectly as a result of such offense and the value of the property used, or intended to be used, in any manner or part, to commit or facilitate such an offense.

3. If any of the above-described property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

the United States shall, pursuant to Title 21, United States Code, Section 853(p), seek forfeiture of any other property of the defendant, **DARREN O. LOLI**, up to the value of the above-described property.

BRADEN H. BOUCEK
UNITED STATES ATTORNEY

*(signed)* Taylor Phillips
_____
TAYLOR J. PHILLIPS
ASSISTANT UNITED STATES ATTORNEY



*(signed)* Sonia Jimenez  by perm. TJP
_____
SONIA V. JIMENEZ
TRIAL ATTORNEY
U.S. DEPARTMENT OF JUSTICE, CRIMINAL DIVISION
COMPUTER CRIME & INTELLECTUAL PROPERTY SECTION

3